**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 4 2020

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

RAMON SUERO                                                                PLAINTIFF

vs.                                    2:20-cv-00045 BSM

FAF, INC. and FEYSAL DEROW,
JOHN DOE NO. 1 and/or JANE
DOE NO. 1 and JOHN DOE NO. 2
and/or JANE DOE NO. 2                                                  DEFENDANTS

This case assigned to District Judge _____MILLER_____
and to Magistrate Judge _____KEARNEY_____

## COMPLAINT

Plaintiff, Ramon Suero, by and through his attorneys Snellgrove, Langley, Culpepper, Williams & Mullally, and for his Complaint against FAF, Inc., Feysal Derow, John Doe No. 1 and/or Jane Doe No. 1 and John Doe No. 2 and/or Jane Doe No. 2, states:

### JURISDICTION AND VENUE

1.  Plaintiff, Ramon Suero, is an adult citizen of Volusia County, Florida.

2.  Defendant, FAF, Inc., is a corporation organized under the laws of the State of Tennessee with its principal place of business in Greene County, Tennessee. Defendant, FAF, Inc., may be served through its registered agent for service, Cogency Global, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

3.  On information and belief, defendant, Feysal Derow, was a resident of Washington County, Oregon at the time of the occurrence.

4.  That at the time of the occurrence referred to herein, defendant Derow was driving a truck owned, leased, maintained and/or operated by or on behalf of defendant FAF, Inc.

5. Defendant Derow was the agent, servant and/or employee of defendant FAF, Inc. at the time of the occurrence.

6. Defendant Derow was in the course and scope of his employment and/or agency relationship with defendant FAF, Inc. at the time of the occurrence.

7. In addition and/or in the alternative to the above, defendant John Doe No. 1 and/or Jane Doe No. 1 and John Doe No. 2 and/or Jane Doe No. 2 are the official name(s) of any person or entity with which defendant FAF, Inc. or defendant Feysal Derow may be associated with including other principal(s), employer(s), or successor(s) in interest.

8. Plaintiff will amend the Complaint upon determining the identity of any current unknown tortfeasor, person or entity and will substitute the real name for the pseudo-name.

9. Attached hereto as Exhibit "A" is an Affidavit of plaintiff's attorney affirming that the identity of a tortfeasor(s) is unknown as required by Ark. Code Ann. § 16-56-125.

10. This Court has personal jurisdiction over the parties hereto.

11. This Court is the proper venue for this action as the subject wreck occurred in St. Francis County, Arkansas. 28 U.S.C.A. § 1391(b).

## FACT

12. On May 4, 2019 defendant Derow operated a tractor-trailer owned and/or leased by defendant FAF, Inc.

13. The tractor-trailer operated by defendant Derow was operated under U.S. Department of Transportation ("DOT") No. 728630.

14. DOT No. 728630 is a permit to engage in interstate commercial transport by defendant FAF, Inc.

15. On information and belief defendant Derow had a commercial driver's license ("CDL") on May 4, 2019.

16. Defendant Derow was at all times relevant hereto a professional truck driver subject to the regulations of the United States Department of Transportation and/or the State of Arkansas.

17. On May 4, 2019 defendant Derow was in the course and scope of his employment and/or agency relationship with defendant FAF, Inc.

18. On May 4, 2019 at approximately 3:00 a.m. the weather was clear and the highway was dry. However, it was dark.

19. Prior to the collision, defendant Derow was operating a tractor-trailer eastbound on Interstate 40 near mile marker 258 in St. Francis County, Arkansas. Defendant Derow lost control of the tractor-trailer and veered into the median. Defendant Derow overcorrected and the tractor-trailer overturned across both eastbound lanes.

20. Plaintiff Ramon Suero was operating a tractor-trailer in the right-hand eastbound lane prior to the occurrence. Ramon Suero swerved to his left to attempt to avoid the FAF tractor-trailer that was blocking both eastbound lanes of Interstate 40 but was unable to avoid the FAF tractor-trailer. A collision occurred with the front end of the tractor operated by Ramon Suero and the FAF tractor-trailer.

21. Plaintiff Ramon Suero brought his tractor-trailer to a stop in the median after the impact occurred.

## NEGLIGENCE

22. The subject collision and all damages related thereto occurred as a proximate result of the negligent conduct of defendant Derow (which is imputed to defendant FAF, Inc.). The negligence of defendant Derow included but is not limited to the following:

   a) failure to maintain proper control of his vehicle under the circumstances then and there existing;

b)  failure to maintain a proper lookout under the circumstances then and there existing;

c)  driving a vehicle or combination of vehicles in such an unsafe condition as to endanger others using the street or highway;

d)  blocking/obstructing the eastbound lanes of Interstate 40;

e)  failure to properly warn other motorists, including plaintiff, of the obstruction of the eastbound lanes of Interstate 40;

f)  failure to properly light/illuminate the tractor-trailer;

g)  failure to comply with all rules, regulations and duties required by the laws of the State of Arkansas and/or by DOT regulations; and

h)  in otherwise, in his failure to exercise ordinary care under the circumstances then and there existing.

23. Defendant FAF, Inc. was negligent in the following particulars:

a)  in the hiring, training and supervision of defendant Derow;

b)  failure to comply with all rules, regulations and duties required by the State of Arkansas and by DOT regulations; and

c)  in otherwise failing to use ordinary care under the circumstances then and there existing.

24. Plaintiff Ramon Suero was not guilty of any comparative fault.

25. The conduct of defendant Derow is imputed to defendant FAF, Inc. (and /or John Doe No. 1 - 2 and Jane Doe No. 1-2) under the doctrine of respondeat superior, vicarious liability and/or by federal regulations and because he was the driver for defendant FAF, Inc. (and/or John Doe No. 1 - 2 and Jane Doe No. 1-2) while in the course and scope of his employment or agency relationship.

## DAMAGES

26. As a direct and proximate result of the negligence of the negligence of defendants as described above, plaintiff Ramon Suero sustained personal injuries and damages including:

   a) past and future pain and suffering;

   b) past and future mental anguish;

   c) past and future medical expenses;

   d) transportation expenses following the accident;

   e) past and future transportation expenses for medical treatment;

   f) past and future wage loss and loss of benefits;

   g) past and future loss of earning capacity; and

   h) all other elements of damage allowed by law.

## JURY DEMAND

27. Ramon Suero respectfully requests a trial by jury of twelve (12) persons in the Delta District in Helena, Arkansas.

WHEREFORE, plaintiff, Ramon Suero, prays that he have and recover from defendants an amount to be set by the jury in excess of the minimum required for federal court diversity jurisdiction, for his costs, and for all further relief to which he may be entitled.

Respectfully submitted this 4th day of March, 2020.

Respectfully submitted,

SNELLGROVE, LANGLEY, CULPEPPER,
WILLIAMS & MULLALLY

By_____
Michael E. Mullally ABA #85202
P.O. Box 1346
Jonesboro, AR 72403-1346
Phone: (870) 932-8357
Fax: (870) 9325488
mmullally@snellgrovefirm.com

Attorneys for Plaintiff, Ramon Suero

## AFFIDAVIT

STATE OF ARKANSAS )
) ss.
COUNTY OF CRAIGHEAD )

I, Michael E. Mullally, attorney for Ramon Suero, pursuant to Ark. Code Ann. § 16-56-125, state that the correct name and identity of the tortfeasor(s), person(s), corporation(s), and entity(ies) are unknown. All due diligent efforts have been made to properly identify the name and identity of the unknown tortfeasor(s), person(s), corporation(s), and entity(ies). If the name and identity of the unknown of the tortfeasor(s), person(s), corporation(s), and entity(ies) is not one of the specifically named defendants, as contained in this Complaint, the use of the pseudo-name John Doe and/or Jane Doe as defendant is appropriate for the purpose of tolling the statute of limitations for plaintiff against these unknown defendants. Furthermore, if there is more than one such unknown tortfeasor, the use of John Doe No. 1 and/or Jane Doe No. 1, and John Doe No. 2 and/or Jane Doe No. 2 is appropriate as set out in the Complaint.

_____
Michael E. Mullally, Arkansas Bar No. 85202

Subscribed and sworn to before me this 4th day of March, 2020.

_____
NOTARY PUBLIC

OFFICIAL SEAL - #12368993
**GLENDA M. YOUNG**
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 10-24-28

**EXHIBIT 1**